FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ FEB 17 2012 ★

LONG ISLAND OFFICE

DF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JAMES McCLENDON,

                Petitioner,

     -against-

MICHAEL SPOSATO,

                Respondent.
------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
11-CV-912 (SJF)

On or about February 14, 2011, incarcerated pro se petitioner James McClendon ("petitioner" or "McClendon") filed the instant petition seeking a writ of habeas corpus. [Docket Entry No. 1] ("Pet."). Before the Court is respondent's motion to dismiss pursuant to 28 U.S.C. § 2254(a) [Docket Entry No. 5], which petitioner has not opposed. For the reasons that follow, respondent's motion is granted.

I.    Background

Petitioner was arrested by the Nassau County Police on December 5, 2009. Affidavit of Joanna Hershey [Docket Entry No. 5] ("Hershey Aff.") at ¶ 5. On June 11, 2010, petitioner was indicted on one (1) count of criminal possession of a weapon in the second degree, in violation of Penal Law § 265.03[3], one (1) count of criminal possession of a weapon in the third degree, in violation of Penal Law § 265.02[1], one (1) count of criminal possession of a weapon in the

1

fourth degree, in violation of Penal Law §265.01[1], and one (1) count of obstructing governmental administration in the second degree, in violation of Penal Law § 195.05. Id. at ¶ 6. On February 7, 2011, petitioner entered a plea of guilty to each of the criminal weapon possession charges, and entered a plea of no contest to the charge of obstructing governmental administration. Id. at ¶ 8.

On or about February 14, 2011, petitioner filed the instant petition. On May 6, 2011, petitioner was sentenced to concurrent terms of five (5) years' imprisonment and five (5) years' post-release supervision for criminal possession of a weapon in the second degree, two (2) to four (4) years' imprisonment for criminal possession of a weapon in the third degree, one (1) year for criminal possession of a weapon in the fourth degree, and one (1) year for obstructing governmental administration in the second degree. Id. at ¶ 10. Petitioner is currently incarcerated at the Nassau County Correctional Center. Pet. at 1.

Respondent now moves to dismiss.

II. Discussion

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) ("[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies."). "Exhaustion of state remedies requires that a petitioner fairly present federal claims

to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Cornell v. Kirkpatrick, 665 F.3d 369, 375 (2d Cir. 2011) (quoting Carvajal, 633 F.3d at 104). In order to exhaust his state remedies, petitioner must "'fairly present' the federal claim 'in each appropriate state court (including a state supreme court with powers of discretionary review).'" Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010) (quoting Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004)). This means that the "petitioner must 'present[] his [or her] claim to the highest court of the state.'" Galamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (quoting Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000). "The exhaustion requirement is animated by 'notions of comity between the federal and [s]tate judicial systems.'" Carvajal, 633 F.3d at 104 (quoting Strogov v. Attorney Gen. of N.Y., 191 F.3d 188, 191 (2d Cir. 1999)).

McClendon filed the instant petition within days of pleading guilty and before he had been sentenced. There is no evidence that he has exhausted the remedies available to him in state court. Accordingly, this petition is dismissed without prejudice.


III.    Conclusion


Respondent's motion to dismiss is granted, and the petition for a writ of habeas corpus is dismissed in its entirety without prejudice. The Clerk of Court is directed to close this case and to serve copies of this order upon all parties, including mailing a copy to the pro se petitioner at his last known address. See Fed. R. Civ. P. 77.

Pursuant to Rule 22(b) of the Federal Rule of Appellate Procedure and 28 U.S.C. § 2253,

a certificate of appealability will not issue, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: February 17, 2012
Central Islip, New York